# EXECUTORS AND ADMINISTRATORS—ACCOUNTS—LIMITATION OF ACTIONS.

[Hamilton (1st) Circuit Court, 1902.]

Giffen, Swing and Jelke, JJ.

## IN RE ESTATE OF BRIDGET GLENN, DECEASED.

1. PRESUMPTION FROM FAILURE TO CHARGE CLAIM AGAINST ESTATE.

The fact that a widow as executrix of her deceased husband's estate, fails to file an account of a claim against his estate or institute proceedings for its allowance and collection, the same being paid by her, raises a presumption

that she did not intend to charge it, but intended that it should inure to the benefit of her children, and, in the absence of proof to the contrary, an exception will not be sustained to the inventory of her estate for failure to include such claim among the assets of her estate.

2. ALLOWANCE OF YEAR'S SUPPORT TO CHILDREN—SEC. 6040, REV. STAT.

The allowance of a year's support to children under fifteen years as provided by Sec. 6040, Rev. Stat., applies as well to the estate of their deceased mother as to that of a deceased father. Hence, an exception to an allowance to children out of the estate of their deceased mother should be overruled.

3. EXCEPTION TO OMISSION OF CHARGE SUSTAINED.

An exception will lie to an inventory of the estate of a deceased executrix of her husband's estate for omitting to include in the assets of her estate a charge of an account paid by her against her husband's estate, appearing in her account filed in the settlement of his estate as " Paid by Bridget Glenn, widow."

4. LIMITATION OF ACTION ON CLAIM PAID BY EXECUTRIX.

The two years' statute (Sec. 6113, Rev. Stat.) of limitations begins to run against an account against an estate, paid by the executrix, from the date of allowance and confirmation and not from notice of appointment.

5. CLAIM WITHIN SEC. 6113, REV. STAT., FROM APPOINTMENT.

The year's support allowed a widow under Sec. 6040, Rev. Stat., being a preferred claim, is within Sec. 6113, Rev. Stat., barring actions against estates not brought within two years of notice of appointment of the personal representative thereof. Accordingly the failure to include a claim for her year's allowance in the inventory of the estate of a deceased widow as a charge against her deceased husband's estate is not ground for an exception against such inventory, more than two years having elapsed since her appointment as executrix thereof.

6. ENTRY SUFFICIENT TO MAKE AGREED STATEMENT OF FACTS PART OF RECORD.

The fact that no bill of exceptions is filed, and an agreed statement of facts is not formally entered upon the record, does not deprive a reviewing court of jurisdiction from reconsidering the findings of the trial court on error, where the judgment entry shows that the case was submitted to the lower court upon such agreed statement of facts. In such cases, no further entry is required to make the agreed statement of fact part of the record.

HEARD ON ERROR.

Jacob Krummell and John J. Gasser, for plaintiff in error.

Closs & Luebbert, contra.

GIFFEN, J.

This case was heard in the probate court upon exceptions to the inventory filed, and was submitted upon an agreed statement of facts, the substance of which is as follows :

Martin S. Glenn died in April, 1898, leaving Bridget Glenn his widow, and three children, aged eleven, eight and six years, respectively. By his last will and testament he gave all his property, real and personal, to his widow for life, with remainder to his children. Bridget Glenn was duly appointed and qualified as executrix, and on the —— day of May, 1898, published notice of her appointment. On July 13, 1898, she filed an inventory, wherein the appraisers set off the sum of $500 in

money, and merchandise of the value of $——, no part of said sum of $500 having been paid. On January 30, 1900, the executrix filed her account in the probate court, which was allowed and confirmed February 28, 1900. The account contained no charge against the executrix, although she had collected accounts to the amount of $166.77, but it showed a credit of debts and expenses of administration paid in the sum of $264.15.

On May 14, 1898, she collected $2,000 life insurance from which fund and from her own money she paid debts of the estate of Martin S. Glenn, other than those mentioned in her account filed January 30, 1900 in the sum of $1,143.62, and was not herself indebted to any one. On July 1, 1900, and subsequently thereto she became indebted to sundry parties in the sum of $1,578.23.

Bridget Glenn died intestate January 14, 1901, leaving Mary and Laura, her children. The inventory of her estate shows assets in the sum of $2,008.13, of which $600 was set off for the support of the children. The exceptions filed by the creditors are to the allowance of $600 to the children, to the omission from the inventory of the sum of $264.15 paid by Bridget Glenn for the estate of Martin S. Glenn, as shown by her account as executrix, filed January 30, 1900, and the further sum of $1,143.62 paid for the estate of Martin S. Glenn, and also to the omission of the claim of $500 set off to her for twelve months' support.

The exceptions were sustained by the probate court, and that judgment affirmed by the common pleas court.

The exception to the allowance of $600 to the children is disposed of by the case of Hinton's Estate, In re, 64 Ohio St. 485, [60 N. E. Rep. 621], and should have been overruled. [See also Sec. 6040, Rev. Stat., providing for allowance of year's support to children under fifteen years.] 60 N. E. Rep. 621.

As to the claim that the sum of $1,143.62 paid by Bridget Glenn for the estate of Martin S. Glenn is a debt of the latter, the burden of proof is upon the creditors excepting to the inventory. The only evidence in support of it is the payment itself, while on the other hand the failure of Bridget Glenn to file any account of such claim, or institute proceedings for its allowance and collection, raises a strong presumption that she did not intend to charge it against her husband's estate, but that it should inure to their children. We think, therefore, that the court erred in sustaining the exception to this claim.

The exception as to the omission from the inventory of the sum of $264.15, we think, therefore, was properly sustained, because in the account filed January 30, 1900, there appears this statement: "Paid by

Bridget Glenn, widow," thereby showing an intention to [charge the same against the estate of her husband.

It is urged, however, that the claim was barred by the statute of limitation of two years provided by Sec. 6113, Rev. Stat.; but we think that the limitation began to run only from the allowance and confirmation of the account by the probate court on February 28, 1900.

The debt owing to Bridget Glenn as an allowance from the estate of Martin S. Glenn for her support, being a preferred claim, the presumption is that she applied the book accounts collected in part payment thereof. The residue of the claim is barred under Sec. 6113, Rev. Stat.

It is contended finally that, there being no bill of exceptions, and the agreed statement of facts not being formally made part of the record, this court can not consider it. The facts being agreed upon by the parties, no bill of exceptions was required, and the judgment entry showing that the case was submitted upon the agreed statement of facts, there would seem to be no necessity for a further entry to make such statement a part of the record. Ish v. Crane, 13 Ohio St. 574; Brown v. Mott, 22 Ohio St. 149; McGonnigle v. Arthur, 27 Ohio St. 251.

Judgment of the common pleas and probate courts reversed and cause remanded.